UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROXANNE M. PITTMAN,

                       Plaintiff,

     v.                                     **DECISION AND ORDER**
                                                        08-CV-533S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

       1.       Plaintiff Roxanne Pittman challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since October 23, 2004, due to multiple sclerosis and severe fatigue. Plaintiff contends that because her impairments render her unable to work, she is entitled to disability benefits under the Act.

       2.       Plaintiff filed an application for Disability Insurance benefits ("DIB") on November 24, 2004. (R. at 18.) Her application was denied initially, after which she requested a hearing before an ALJ. That hearing took place on December 3, 2007. (Id.) The ALJ considered Plaintiff's case *de novo*, and on January 25, 2008, issued a written decision denying Plaintiff's application for benefits. (R. at 18-30.) On June 7, 2008, the Appeals Council denied Plaintiff's request for review. (R. at 6-9.) Plaintiff filed the current civil action challenging Defendant's final decision on July 21, 2008.[1]

       3.       The parties subsequently filed Motions for Judgment on the Pleadings.[2] After

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

[2] Defendant filed his Motion on December 22, 2008 (Docket No. 5), and Plaintiff filed her Motion on January 14, 2009 (Docket No. 10).

1

full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on March 19, 2009. For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987)

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts: First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the

Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since October 23, 2004 (R. at 20); (2) Plaintiff's multiple sclerosis and obesity are "severe" impairments within the meaning of the Act (R. at 20); (3) Plaintiff's medical impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 20-21); (4) Plaintiff retains the residual functional capacity ("RFC") to perform the full range of sedentary work at the medium level of exertion (R. at 21-29); and (5) although Plaintiff is unable to perform her past relevant work, based on her age, education, work experience, and residual functional capacity, Plaintiff is capable of performing sedentary work. (R. at 29-30). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from October 23, 2004, through the date of the ALJ's decision. (R. at 30.)

10. Plaintiff argues that the substantial evidence of record does not support the ALJ's finding regarding Plaintiff's residual functional capacity. (Pl.'s Mem., pp. 5-8.[3]) Specifically, Plaintiff asserts that the ALJ failed to account for the relapsing nature of multiple sclerosis, and also gave insufficient weight to the opinions of Drs. Karl Buekers and Janis Dale. (Id.) Having reviewed the evidence at issue, this Court finds no reversible

---

[3] Referring to Plaintiff's Memorandum of Law in Support of her Motion for Judgment on the Pleadings. (Docket No. 10.)

4

error.

First, the ALJ sufficiently articulated the reasons for attributing little weight to the opinions of Drs. Buekers and Dale. For instance, the ALJ noted that Dr. Nohejl, a state agency review physician, expressly rejected Dr. Buekers' opinion because, according to Dr. Nohejl, Dr. Buekers' examination reflected Plaintiff's condition during a multiple sclerosis "attack," and thus, was "not reflective of [Plaintiff's] current course." (R. at 24, 28, 234.) The ALJ granted little weight to the opinion of Dr. Dale for the same reason. (R. at 28.)

Second, Plaintiff's argument that the ALJ failed to account for the fluctuating nature of multiple sclerosis is also without merit. The ALJ did, in fact, take into account Plaintiff's fluctuating condition as she noted the periods of active disease – three "attacks" over approximately four years. (R. at 23, 26-28.) The ALJ also noted that Plaintiff's attacks "resolved quickly." (R. at 28.) Then, after taking her fluctuating condition into consideration, the ALJ found that Plaintiff's condition during the active periods did not last for a period of twelve months as required under 20 C.F.R. § 404.1509. (R. at 28.) As a result, the ALJ found that Plaintiff was not disabled.[4]

Plaintiff asserts that the ALJ erred because she should have considered the possibility that Plaintiff would "relapse" or have another "attack." (Pl.'s Mem., pp. 6-8.) But Plaintiff's speculative argument fails as it glosses over the twelve-month requirement. See Fosdal v. Chater, No. 96-CV-2857, 1998 WL 199857, at *2 (E.D.N.Y. Mar 24, 1998) (affirming ALJ's determination that plaintiff retained the residual functional capacity to

---

[4] The ALJ also noted that Plaintiff's neurologist who had been treating Plaintiff since 2004, Dr. David N. Smith, opined that Plaintiff was not disabled at the time of the examination. (R. at 29.) Dr. Smith noted that through aggressive treatment, he hoped to prevent "permanent pain syndrome or a <u>future potential disability</u>." (<u>Id.</u>) (emphasis in original).

perform light work because the ALJ first noted the episodic nature of multiple sclerosis, and then found that the plaintiff's exacerbations did not persist for a period of twelve months).

11. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering her decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 7, 2009
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge